IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Kareem Ashe,<br>5906 Clay Street, N.E.<br>Washington, D.C. 20019<br><br>   Plaintiff,<br><br>  v.<br><br>Giant of Maryland, LLC,<br>6300 Sheriff Road<br>Landover, Maryland 20785<br><br>   Defendant. | Civil Action No. |

## NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA:

PLEASE TAKE NOTICE that defendant, Giant of Maryland, LLC ("Giant"), respectfully requests that this Court remove the above-captioned case from the Superior Court of the District of Columbia, Civil Division, to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. § 1441, and states as follows:

  1)  On or about December 2, 2005, plaintiff filed a Complaint in the Superior Court for the District of Columbia, and the case was assigned Civil Action No. 05-9364 in the records and files of that court ("Superior Court Action").

  2)  Defendant Giant was served with a copy of the Summons and Complaint in the Superior Court Action on December 8, 2005.

3) Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A are copies of all documents served upon Defendant Giant in the Superior Court Action. To Defendant Giant's knowledge, no further proceedings have been conducted in the Superior Court Action.

4) The Superior Court Action is a suit of a wholly civil nature of which the United States District Court for the District of Columbia has original jurisdiction under 28 U.S.C. §§ 1331, 1332, 1337 and 29 U.S.C. § 185(a). This action may, therefore, be removed to this Court pursuant to 28 U.S.C. § 1441.

5) The parties to this action are of diverse citizenship. Plaintiff is a citizen and resident of the District of Columbia, and defendant Giant is incorporated under the laws of the State of Maryland, with its principal place of business in the State of Maryland. In his Complaint, plaintiff seeks damages in excess of $75,000, exclusive of interest and costs. Accordingly, this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and this action is removable to this Court, in its entirety, pursuant to 28 U.S.C. § 1441(a) and (b).

6) In Count Eight of his Complaint, plaintiff alleges that his "termination constitutes a breach of the employment contract with plaintiff Ashe by Giant." At all times relevant to this action, the terms and conditions of plaintiff's employment with Giant were governed by a Collective Bargaining Agreement ("CBA"), between Giant and United Food and Commercial Workers Union, Local 400, AFL-CIO-CLC ("the Union"), effective March 28, 2004 through March 29, 2008. The Union is a labor organization in an industry affecting commerce within the meaning of the Labor-Management Relations Act, 1947 ("LMRA"), 29 U.S.C. § 185. Giant is an employer in an industry affecting commerce within the meaning of the LMRA. Pursuant to the CBA, the Union is the exclusive bargaining representative for plaintiff. The CBA contains mandatory, final and binding grievance and arbitration procedures.

7) Resolution of plaintiff's breach of contract claim is substantially dependent upon interpretation, application and analysis of the CBA, and, accordingly, plaintiff's breach of contract claim is completely preempted by Section 301 of the Labor-Management Relations Act, 1947 ("LMRA"), 29 U.S.C. § 185. This Court therefore has original subject matter jurisdiction pursuant to 29 U.S.C. § 185, and this action is removable to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

8) The LMRA is an Act of Congress regulating commerce; this Court therefore has original subject matter jurisdiction pursuant to 28 U.S.C. § 1337, and this action is removable to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

9) This Court has supplemental jurisdiction over plaintiff's remaining claims pursuant to 28 U.S.C. § 1367.

10) Pursuant to 28 U.S.C. § 1446(b), Defendant Giant is filing this Notice of Removal within thirty days of its receipt of a service copy of the summons and complaint in the Superior Court Action.

11) Defendant Giant is providing written notice of the filing of this Notice of Removal to plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Superior Court for the District of Columbia, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Giant respectfully requests that this action be removed from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia.

Dated: December 28, 2005

                                                */s/ Edward R. Levin*
Edward R. Levin (D.C. Bar No. 7823)
Henry A. Platt (D.C. Bar. No. 425994)
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Ave., N.W., Ste. 1000
Washington, DC 20037-1922
(202) 333-8800

Attorneys for Defendant
Giant of Maryland, LLC

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served by first class U.S. Mail, postage prepaid, this 28th day of December, 2005, on Plaintiff, pro se, addressed as follows:

> Kareem Ashe
> 5906 Clay Street, N.E.
> Washington, D.C. 20019

*/s/ Edward R. Levin*

BO4124