CA Form 1

## Superior Court of the District of Columbia
CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

Kareem Ashe
                          Plaintiff

vs.

Giant of Maryland LLC
                          Defendant

05-0009364

Civil Action No. _____

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Pro se Kareem Ashe
Name of Plaintiff's Attorney

5906 Clay St., N.E.
Address
Wash., D.C. 20019

None
Telephone

Clerk of the Court

By _____
   Deputy Clerk

Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

Dec 8 2005 16:09   P.03

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Kareem Ashe
5906 Clay St N.G. Wash.

**Plaintiff**

vs.

Saint of Maryland, llc
300 Sheriff road
andover, Maryland 21202

**Defendants**

CIVIL ACTION No. 05-0009364

RECEIVED
Civil Clerk's Office
DEC 0 2 2005
Superior Court of the
District of Columbia
Washington, D.C.

**COMPLAINT**

1. Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.

Unlawfully terminated / see attached

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 750K with interest and costs.

Phone:

DISTRICT OF COLUMBIA, ss

Kareem Ashe, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-offs and just grounds of defense.

_Kareem Ashe_
(Plaintiff / Agent)

Subscribed and sworn to before me this  2nd  day of  December , 20 05 .

(Notary Public/Deputy Clerk)

FORM CV-1013/ Nov. 00

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| KAREEM ASHE<br>5906 Clay Street, N.E.<br>Washington, D.C. 20019<br><br>    Plaintiff<br><br>    v.<br><br>GIANT OF MARYLAND, LLC.<br>6300 Sheriff Road<br>Landover, Maryland 21202<br><br>    Defendant<br><br>SERVE:<br>CSC LAWYERS INCORPORATING SERVICE<br>COMPANY<br>Registered Agent<br>11 E. Chase Street<br>Baltimore, Maryland 21202 | Case No. 05-0009364 |

## COMPLAINT

1. This is a civil action arising out of discrimination by defendant Giant of Maryland, LLC, et al. ("Giant") in the course of Giant's employment of, and in the constructive termination of plaintiff Kareem Ashe ("Ashe"). This action is brought under the District of Columbia Human Rights Act, as amended.

## PARTIES

2. Ashe is a resident and citizen of the District of Columbia. Plaintiff at all times during the course of his employment by Giant performed his job duties in an acceptable manner.

3. Giant is a Corporation resident pursuant to the laws of the District of Columbia, with its principal place of business in the District of Columbia. Giant is an "employer" within the laws

of the government of the District of Columbia. Giant has had more than 300 employees in each of 20 or more calendar weeks in the current or preceding calendar year.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over Ashe's claims pursuant to 28 U.S.C. § 1331 and pursuant to the laws of the government of the District of Columbia.

5. The parties are of diverse citizenship, and the amount in controversy in this action exceeds the sum of $50,000.00 exclusive of the interest and costs. This Court has jurisdiction over plaintiff's claims under the District of Columbia common law pursuant to the doctrine of pendent jurisdiction.

6. Giant is subject to the personal jurisdiction of this Court.

7. Venue is proper in this Court pursuant to the laws of the government of the District of Columbia.

8. Giant resides in this judicial district within the meaning of the laws of the government of the District of Columbia.

## **BACKGROUND**

10.     On December 4, 2004, I received my work schedule for the week of Dec.5, - Saturday Dec. 11, 2004. On Dec. 11, 2004, I was scheduled to work during the hours of 2:00pm to 8:00pm. At 4:30pm , I was informed by my Dept. Mgr., that the other Seafood Clerk who was schedule to closed called in to report he could not make it to work. My Dept. Mgr. told me "you know they can make you stay". I immediately informed my Dept. Mgr. that I had plans and could not stay past 8:00pm. At 5:00pm later that evening, my Dept. Mgr. relieved me for my 15. Min. break. She informed me to go upstairs to meet with Rodney Harris the Asst. Store Mgr. before I take my break. During my meeting with Rodney Harris, he informed me that the other Seafood Clerk could not make it to work and told me that he could make me stay. I informed him that I could not work late because I have other plans. I also asked Rodney Harris to show me in the employee hand book where I could be forced to work late. Rodney Harris stated that he does not have that information and unfortunately, we don't have a handbook. I asked Rodney Harris, could you show me before I get off work? Rodney Harris said that he does not have time and that he does not have to show me in writing. I left work at my normal schedule time of 8:09pm as I have made plans prior to coming to work.

On December 12, 2004, I arrived at work at 3:00pm. I was instructed by the Front-in Mgr., not to punch in. Approximately 5 min. later, the Front-in Mgr, told me to punch in and go upstairs to see Rodney Harris. While meeting with Rodney Harris I was given a Disciplinary Notice for leaving before 9:00pm

On December 13, 2004, I wrote a written response to the Disciplinary Notice I received on Dec. 12, 2004 to Rodney Harris informing him that my employee rights were violated because he tried to force me to work late and when I left on time, he reprimanded me without cause.

On Sunday, December 19, 2004 my civil rights were violated by Rodney Harris, by demanding that I remove my scull cap from my head. His demands were humiliating and demeaning and seen by several customers. Additionally, Rodney Harris unlawful demands resulted in loss of pay and a written reprimand.

On January 1, 2005, I received a Disciplinary Notice stating that I was in Violation of Company Policy for wearing a "Doo Rag" to work.

On Sunday, January 02, 2005, I provided a written response to the Disciplinary Notice I received on Dec. 19, 2004 and to respond to the Disciplinary Notice I received on Jan. 1, 2005 regarding Violation of Company Policy. In my written response I stated: On Dec. 19, seven (7) days after responding to a Disciplinary Notice I received from you dated Dec. 12, 2004. I responded to you in a written complaint dated December 13, 2004 that you were violating my employee rights by forcing me a Part Time employee to work extra hours without any advance notice. As a direct result of my responding to the above mentioned Disciplinary Notice dated December 12, 2004. It is my belief that I am now being retaliated against by Rodney Harris, Asst. Manager. I also stated to Rodney Harris in my response that to add insult to injury, your Disciplinary Notice dated Dec 19, 2004 states "On Sunday 12/19/04 Kareem was instructed 3X by management to remove his "Doo-Rag" and follow the company policy of wearing his food safety hat." Being an African American Male in the 21st Century, it is widely known that both Male and Female African American's wear African American hairstyles such as corn rows, braids, locks, etc. It is also widely known and a n excepted fact that the Doo-Rag that you so vividly stated was used during the reconstruction period for former Slaves who wanted their hair to look like White People. The Doo-Rag is a square shaped cloth that's used to keep a Konk (old Negro Hairstyle) in place. I don't own a Doo-Rag. As African American's we are now throwing away any shackles of slavery (Doo-Rag). Being the proud African American Male that I am. I proudly wear corn-rows exposing my truest self, which is the right of any African American Citizen.

To prevent fish scales from getting into my hair, I wear a traditional skull cap. The Giant Food Safety Hat goes on top of my skull cap. The Giant Safety Hat brakes my hair. Putting the skull cap on first protects my hair. I have been wearing a skull cap under my Giant Safety Hat for fifteen (15) months without a problem until I responded to your Disciplinary Notice dated December 12, 2004. After responding to Rodney Harris Disciplinary Notice dated December 12, 2004, I am now being retaliated against and feel like my Civil Rights have been grossly violated by Rodney Harris

On May 2, 2005, I informed Giant Food that I need to leave work early to file my complaint with EEOC. After leaving work and visiting the Washington DC Field Office, I attempted to file my complaint. As a result of my attempting to file an EEO Complaint against Giant Food, on May 3, 2005, after returning to work, I received two (2) reprimands for leaving work to file my complaint.

On the week ending June 19 – June 25, 2005 I was terminated from Giant Food for gross misconduct. Which was later overturn by appeal in Sept. 2005 by the Office of Employment Services.

## COUNT ONE

### DISCRIMINATION IN THE COURSE OF EMPLOYMENT

12. The allegations of the foregoing paragraphs are incorporated as if reallege herein.

13. Giant, through its agents and officers, harassed, discriminated, and retaliated against Ashe on account of his race (black), and his sex (male), during the course of his employment by Giant. This harassment, discrimination, and retaliation was with respect to Ashe's terms, conditions, and privileges of employment, creating a constructive and managed hostile and intolerable work environment constituting a violation of the District of Columbia Human Rights Act, as amended.

14. This conduct by Giant was actuated by ill will, recklessness, willful disregard of Ashe's rights, wantonness, oppressiveness, maliciousness, and a spirit of mischief. Giant knowingly and willfully engaged in these discriminatory practices with malice and reckless indifference to Ashe's federally protected rights, within the District of Columbia Human Rights Act, as amended.

15. As a direct and proximate result of this harassment, discrimination, and retaliation, Ashe has suffered and continue to suffer injury including past and future loss of income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury.

## COUNT TWO
### RETALIATORY CONDUCT DURING THE COURSE OF EMPLOYMENT

16. The allegations of the foregoing paragraphs are incorporated as if reallege herein.

17. Giant, through its agents and officers, retaliated against Ashe during the course of his employment by Giant, because of Ashe's allegations of discrimination, unequal pay, hostile work environment, and retaliation. This constituted a violation of the District of Columbia Human Rights Act, as amended.

18. This conduct by Giant was actuated by ill will, recklessness, willful disregard of Ashe's rights, wantonness, oppressiveness, maliciousness, and a spirit of mischief. Giant knowingly and willfully engaged in these discriminatory practices with malice and reckless indifference to Ashe's federally protected rights, within the meaning of the District of Columbia Human Rights Act, as amended.

19. As a direct and proximate result of this harassment, discrimination, and retaliation, Ashe has suffered and continues to suffer injury including past and future loss of income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury.

## COUNT THREE
### RETALIATION LEADING TO TERMINATION OF EMPLOYMENT

20. The allegations of the foregoing paragraphs are incorporated as if reallege herein.

21. Giant, through its agents and officers, retaliated against Ashe by constructively terminating his employment, constructively discharging him, because of Ashe's allegations of discrimination, hostile work environment, and retaliation. This constituted a violation of the District of Columbia Human Rights Act, as amended.

22. This conduct by Giant was actuated by ill will, recklessness, willful disregard of Ashe's rights, wantonness, oppressiveness, maliciousness, and a spirit of mischief. Giant knowingly and willfully engaged in these discriminatory practices with malice and reckless indifference to Ashe's federally protected rights, within the meaning of the District of Columbia Human Rights Act, as amended.

23. As a direct and proximate result of this harassment, discrimination, and retaliation, Ashe has suffered and continue to suffer injury including past and future loss of income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury.

### COUNT FOUR
### DISCRIMINATION ON THE BASIS OF RACE IN THE COURSE OF EMPLOYMENT IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT

24. The allegations of the foregoing paragraphs are incorporated as if reallege herein.

25. During the course of his employment by Giant, Giant discriminated against Ashe on the basis of his race with respect to pay, terms, conditions, or privileges of employment, and otherwise

adversely affected Ashe status as an employee on the basis of his race in violation of the District of Columbia Human Rights Act, as amended.

26. This conduct by Giant was actuated by ill will, recklessness, willful disregard of Ashe's rights, wantonness, oppressiveness, maliciousness, and a spirit of mischief. Giant knowingly and willfully engaged in these discriminatory practices with malice and reckless indifference to Ashe's federally protected rights, within the meaning of the District of Columbia Human Rights Act, as amended.

27. As a direct and proximate result of this harassment, discrimination, and retaliation, Ashe has suffered and continue to suffer injury including past and future loss of income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury.

**COUNT FIVE**
**DISCRIMINATION ON THE BASIS OF SEX IN THE COURSE OF EMPLOYMENT IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT**

28. The allegations of the foregoing paragraphs are incorporated as if reallege herein.

29. During the course of his employment by Giant, Giant discriminated against Ashe on the basis of his sex with respect to pay, terms, conditions, or privileges of employment, and otherwise adversely affected Ashe's status as an employee on the basis of his race in violation of the District of Columbia Human Rights Act, as amended.

30. This conduct by Giant was actuated by ill will, recklessness, willful disregard of Ashe's rights, wantonness, oppressiveness, maliciousness, and a spirit of mischief. Giant knowingly and willfully engaged in these discriminatory practices with malice and reckless indifference to Ashe's federally protected rights, within the meaning of the District of Columbia Human Rights Act, as amended.

31. As a direct and proximate result of this harassment, discrimination, and retaliation, Ashe has suffered and continue to suffer injury including past and future loss of income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury.

### COUNT SIX
### DISCRIMINATION ON THE BASIS OF SEX IN THE TERMINATION OF EMPLOYMENT IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT

32. The allegations of the foregoing paragraphs are incorporated as if reallege herein.

33. In the constructive termination of Ashe's employment by Giant, Giant discriminated against Ashe on the basis of his race with respect to pay, terms, conditions, or privileges of employment, and otherwise adversely affected Ashe's status as an employee on the basis of his race in violation of the District of Columbia Human Rights Act, as amended.

34. This conduct by Giant was actuated by ill will, recklessness, willful disregard of Ashe's rights, wantonness,

oppressiveness, maliciousness, and a spirit of mischief. Giant knowingly and willfully engaged in these discriminatory practices with malice and reckless indifference to Ashe's federally protected rights, within the meaning of the District of Columbia Human Rights Act, as amended.

35. As a direct and proximate result of this harassment, discrimination, and retaliation, Ashe has suffered and continue to suffer injury including past and future loss of income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury.

### COUNT SEVEN

### CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY

36. The allegations of the foregoing paragraphs are incorporated as if reallege herein.

37. Ashe was constructively terminated due to the discriminatory, harassing and retaliatory actions of the agents and supervisory employees of Giant. These agents and supervisory employees of Giant intended to constructively plan and manage Ashe's termination. Under these circumstances, Ashe's termination constitutes a constructive discharge of Ashe by Giant.

38. Giant's constructive termination of Ashe violated public policy, as articulated in *inter alia*, the District of Columbia Human Rights Act, as amended.

39. Giant's conduct in so doing evidenced ill will,

recklessness, willful disregard of Ashe's rights, wantonness, oppressiveness, maliciousness, and a spirit of mischief. Giant knowingly and willfully engaged in these discriminatory practices with malice and reckless indifference to Ashe's federally protected rights, within the meaning of the District of Columbia Human Rights Act, as amended.

40. As a direct and proximate result of this harassment, discrimination, and retaliation, Ashe has suffered and continue to suffer injury including past and future loss of income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury.

## COUNT EIGHT

### BREACH OF THE EMPLOYMENT CONTRACT

41. The allegations of the foregoing paragraphs are incorporated as if reallege herein.

42. Giant breached the employment contract with plaintiff Ashe due to the discriminatory, harassing and retaliatory actions of the agents and supervisory employees of Giant. These agents and supervisory employees of Giant intended to constructively plan to breach plaintiff Ashe's employment contract. Under these circumstances, Ashe's termination constitutes a breach of the employment contract with plaintiff Ashe by Giant.

43. Giant's conduct in so doing evidenced ill will, recklessness, willful disregard of Ashe's rights, wantonness, oppressiveness, maliciousness, and a spirit of mischief. Giant

knowingly and willfully engaged in these discriminatory practices with malice and reckless indifference to Ashe's federally protected rights, within the meaning of the District of Columbia Human Rights Act, as amended.

44. As a direct and proximate result of this harassment, discrimination, and retaliation, Ashe has suffered and continue to suffer injury including past and future loss of income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury.

### PRAYER FOR RELIEF

WHEREFORE plaintiff Kareem Ashe request that this Court enter judgement in his favor, and against defendant Giant of Maryland, LLC., et al., on the above Counts, and on each of them, and further:

(a) Award Ashe compensatory damages of $300,000 plus demonstrated past pecuniary damages on each of the above stated Counts One through Four, and compensatory damages of $750,000 on each of the above stated Counts Five through Seven; and in addition

(b) Award Ashe punitive and exemplary damages of $300,000 on each of the above stated Counts One through Four, and punitive and exemplary damages of $750,000 on each of the above stated Counts Five through Seven; and in addition

(c) Award Ashe appropriate front pay and back pay,

including lost income and benefits of employment both past and future; and in addition

(d) Award Ashe appropriate injunctive relief, including reinstatement; and in addition

(e) Award Ashe a reasonable attorney's fees and costs of this action including expert fees, pursuant to the laws of the government of the District of Columbia; and in addition

(f) Revoke all permits, licenses, franchises, benefits, exemptions or advantages issued by or on behalf of the government of the District of Columbia to defendant; and in addition

(g) Award Ashe such other and further relief as may be appropriate in the circumstances.

## JURY DEMAND

PLAINTIFF KAREEM ASHE DEMANDS A TRIAL BY JURY.

Respectfully submitted ~~November 21,~~ 2005,
December 2, 2005

Kareem Ashe
Pro se Plaintiff