IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Kareem Ashe, | ) |
| Plaintiff, | ) Civil Action No. 05CV2473 (JDB) |
| v. | ) |
| Giant of Maryland, LLC, | ) |
| Defendant. | ) |

**DEFENDANT GIANT'S MOTION TO DISMISS**

Defendant, Giant of Maryland, LLC ("Giant" or "the Company"), hereby moves for an order dismissing this action in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12 (b)(1) & (6).

In his eight count *pro se* complaint, plaintiff Kareem Ashe alleges that Giant, his former employer: discriminated against him because of his race and sex in violation of the District of Columbia Human Rights Act ("DCHRA"), D.C. Code §§ 2-1401.01, *et seq.* (Counts One, Four, Five and Six); retaliated against him in violation of the DCHRA (Counts Two and Three); "constructively discharged" him in violation of public policy, as articulated in the DCHRA (Count Seven); and breached his "employment contract" with Giant by terminating him (Count Eight).

The DCHRA claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6), as the DCHRA has no application to plaintiff's employment with Giant. At all time covered by the complaint, plaintiff was employed by Giant exclusively within the State of Maryland, not the District of Columbia. All acts which are alleged to constitute discrimination and retaliation

occurred exclusively in Maryland.  Plaintiff has not alleged any acts of discrimination within or, indeed, relating to the District of Columbia.  The DCHRA simply does not govern plaintiff's employment with Giant in Maryland or acts which occurred in Maryland.

Similarly, plaintiff's "public policy" wrongful discharge claim must be dismissed for failure to state a claim, as the D.C. Court of Appeals has clearly held that such a claim may not be predicated upon an alleged violation of the DCHRA.  Finally, plaintiff's breach of contract claim is completely preempted by Section 301 of the Labor-Management Relations Act, 1947 ("LMRA"), 29 U.S.C. § 185, as the "employment agreement" Giant allegedly breached is a collective bargaining agreement containing mandatory, final and binding grievance and arbitration provisions, and the claim must be dismissed for failure to state a claim under Section 301.

The grounds for this motion are set forth in detail in Defendant Giant's Statement of Points and Authorities, submitted herewith, and the Declaration of Bart P. Plano, submitted herewith.

## CONCLUSION

WHEREFORE, defendant Giant of Maryland LLC respectfully requests that the Court grant its motion dismiss and enter an order dismissing the complaint, in its entirety, with prejudice.

Dated: January 5, 2006

         /s/ Edward R. Levin
Edward R. Levin (D.C. Bar No. 7823)
Henry A. Platt (D.C. Bar. No. 425994)
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Ave., N.W., Ste. 1000
Washington, DC 20037-1922
(202) 333-8800

Attorneys for Defendant
Giant of Maryland, LLC

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing **MOTION TO DISMISS** was served by first class U.S. Mail, postage prepaid, this 5th day of January, 2006, on Plaintiff, *pro se*, addressed as follows:

>Kareem Ashe
>5906 Clay Street, N.E.
>Washington, D.C.  20019

>_____/s/ Edward R. Levin_____

*BP0449*