IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

|  |  |
|---|---|
| KAREEM ASHE ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CA No. 05CV2473 (JDB) |
| ) | |
| GIANT OF MARYLAND, LLC. ) | |
| ) | |
| Defendant ) | |

PLAINTIFF ASHE'S RESPONSE TO DEFENDANT'S MOTIONS

COMES NOW, the plaintiff, Kareem Ashe, who respectfully moves this honorable Court to DENY Defendant's Motions, and enter sanctions against Defendant Giant of Maryland, LLC. for willfully reporting falsehoods to the Court, while knowing the same, or any material part thereof to be false. As grounds therefore, plaintiff Ashe refers this honorable Court to the attached Points, and Authorities.

Respectfully submitted by

*/s/ Kareem Ashe*
Kareem Ashe
5909 Clay Street, N.E.
Washington, D.C. 20019

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2006 FEB 28 PM 5:48

NANCY M.
MAYER-WHITTINGTON
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| KAREEM ASHE<br><br>    Plaintiff<br><br>    v.<br><br>GIANT OF MARYLAND, LLC.<br><br>    Defendant | CA No. 05CV2473 (JDB) |

**PLAINTIFF ASHE POINTS AND AUTHORITIES
IN SUPPORT OF DENYING DEFENDANT'S MOTION**

COMES NOW, the plaintiff, Kareem Ashe, who respectfully moves this honorable Court to deny the defendant's motion, and as grounds therefore Ashe states:

1. Defendant Giant of Maryland, LLC. unlawfully terminated plaintiff Ashe on June 24, 2005.

2. Defendant knowingly, and willingly with ill will, malice, premeditated deceit, trickery, and constructed deceit, and trickery against plaintiff Ashe, and under the color of law before this honorable Court, did report falsehoods, and untruths to this honorable Court, while knowing the same, or any material part thereof to be false, and did cause this honorable Court to take action against plaintiff Ashe, by requiring plaintiff Ashe, who is Pro se, to Respond to the Defendant's frivolous collections of intentional falsehoods, and untruths, and in connection with the defendant's reported falsehoods, and untruths in violation of the Federal Rules of Civil Procedure, and the Local Rules of this honorable Court.

3. Plaintiff Ashe timely filed his complaint in the Superior Court of the District of Columbia pursuant to the District of Columbia Human Rights act, which defendant is clearly subject to as an business resident for more than fifty (50) years in the District of Columbia.

4. Plaintiff Ashe's lawsuit against defendant was properly file in the Superior Court for the District of Columbia, and not the U.S. District Court for the District of Columbia.

5. Defendant failed to list the Court of original jurisdiction on its defective *"Notice of Designation of Related Civil Cases Pending in this or any other United States District Court"*; caused plaintiff Ashe's lawsuit to be transferred from the Superior Court of the District of Columbia to the U.S. District Court for the District of Columbia under false, and fraudulent allegations.

6. Plaintiff Ashe, who is Pro se, clearly claims violations of the DCHRA by the defendant, for which this Court does not possess jurisdiction.

7. Plaintiff Ashe was required by the defendant to work in various employers's job sites to include, but not limited to the defendant's stores in the District of Columbia, and Ashe's complaint should be returned where it once belonged, in the Superior Court for the District of Columbia, who clearly possesses jurisdiction of the DCHRA.

8. Plaintiff Ashe's complaint was timely filed, and properly filed in the Superior Court for the District of Columbia.

9. Defendant was properly, and timely served a copy of

plaintiff Ashe's complaint.

10. The defendant did intentional report a deceitfully constructed declaration of falsehoods, and untruths, while knowing the same, or any material part thereof to be false.

11. Plaintiff Ashe was discriminated against, harassed, and paid unequal wages, unlawfully terminated, and retaliated against by *Giant of Maryland LLC.*, on account of my race (African American) and sex (male) and personal appearance (manner of dress), for the following reasons:

   a. On September 25, 2003, *Giant of Maryland LLC., et al.* hired plaintiff Ashe as a "Cashier" at $6.10 per hour, while knowingly with ill will, malice, and constructive premeditation *Giant of Maryland LLC., et al.* in fact compelled plaintiff Ashe to work as a Sea Food Clerk for the same wage.

   b. Defendant *Giant of Maryland LLC., et al.* knowingly, and willingly with ill will, and malice, subjected plaintiff Ashe to a hostile working environment, disparate treatment, and racially discriminatory treatment by falsely accusing plaintiff Ashe of arriving to work late, and failing to clock-in, without defendant *Giant of Maryland LLC., et al.* having documentation of the same, and in retaliation against plaintiff Ashe on account of plaintiff Ashe complaints to *Giant of Maryland LLC., et al.* management of discriminatory treatment, disparate treatment, and hostile work environment.

   c. Defendant *Giant of Maryland LLC., et al.* knowingly, and willingly with ill will, and malice, subjected plaintiff Ashe to a hostile working environment, disparate treatment, and racially

discriminatory treatment by retaliating against me for filing a complaint with the Equal Employment Opportunity Commission.

    d.    On June 24, 2005 plaintiff Ashe was advised by Mr. Kent, a store manager of *Giant of Maryland LLC., et al.* that plaintiff Ashe's employment was terminated. Mr. Kent refused to state any reason(s) for terminating plaintiff Ashe's employment, or letter of termination.

    e.    At no time was plaintiff Ashe issued a written reason for his termination. All of plaintiff Ashe's filed copies of complaints to *Giant of Maryland LLC., et al.* regarding FDA, OSHA, and Civil Rights violations were destroyed by *Giant of Maryland LLC., et al.*

    f.    The Maryland Department of Labor, Licensing, and Regulation found that plaintiff Ashe was discharged, but not for gross misconduct connected with the work. Plaintiff Ashe was discharged, but only after plaintiff Ashe missed a day of work that he had previously scheduled with his department manager as a day off for personal reasons.

    12.    Given the wrongful conduct by *Giant of Maryland LLC., et al.* against plaintiff Ashe, plaintiff Ashe believes that he has an extremely powerful, and compelling case to present to a jury of his peers.

    13.    The Court should reject the defendants declaration, deny the defendant's motion, enter sanctions against the defendant, and return plaintiff Ashe's complaint to the jurisdiction of the Superior Court of the District of Columbia forthwith.

    **WHEREFORE,** plaintiff Ashe respectfully moves this honorable

Court to:

    a)     Deny Defendants Motion with Prejudice;

    b)     Enter sanctions against defendant;

    c)     Encourage the defendant's counsel to comply with the rules of the Court;

    d)     Remand plaintiff Ashe's Complaint to the Superior Court of the District of Columbia;

and such other relief as this case may require.

Respectfully submitted by

*[signature]*

Kareem Ashe
5906 Clay Street, N.E.
Washington, D.C. 20019


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of February 2006, that a copy of the foregoing Response Motion To Deny Defendant's Motion was mailed, postage prepaid to Edward R. Levin, and Henry A. Platt, Schmeltzer, Aptaker & Shepard, 2600 Virginia Avenue, N.W., Suite 11000, Washington, D.C. 20037-1922.

*[signature]*

Kareem Ashe
5906 Clay Street, N.E.
Washington, D.C. 20019

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| KAREEM ASHE <br><br> Plaintiff <br><br> v. <br><br> GIANT OF MARYLAND, LLC. <br><br> Defendant | CA No. 05CV2473 (JDB) |

### DECLARATION OF KAREEM ASHE

1. I am over the age of twenty-one, and I am competent to testify, and I am a resident of the District of Columbia.

2. Giant of Maryland, LLC. refused to state either verbally, or in writing why I my employment with them was terminated

3. The Maryland Department of Labor, Licensing, and Regulation found that I was discharged, but not for gross misconduct connected with the work. I was discharged, but only after I missed a day of work that I had previously scheduled with my department manager as a day off for personal reasons.

4. At all times as an employee of Giant of Maryland, LLC. I was required to work at various job site locations of Giant of Maryland, LLC., to include, but not limited to Giant of Maryland, LLC.'s stores in the District of Columbia.

5. After said agency conducted it's investigation into the

events which gave rise to my termination of employment with Giant of Maryland, LLC., said agency granted me full umemployment compensation benefits.

FURTHER DECLARANT SAYETH NOT

_____
Kareem Ashe