IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Kareem Ashe, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05CV2473 (JDB) |
| | ) | |
| v. | ) | |
| | ) | |
| Giant of Maryland, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S "RESPONSE
TO DEFENDANT'S MOTIONS"**

**Introduction**

Defendant Ashe filed suit in the Superior Court for the District of Columbia which was removed to this Court on December 28, 2005. On January 5, 2006 Defendant, Giant, filed a Motion to Dismiss all claims in the Complaint and, in support thereof, filed a comprehensive Statement of Points and Authorities and supporting exhibits and declarations.[1]

In response to the Motion to Dismiss, Plaintiff has filed a "Response" which requests that the Motion be denied and which accuses Defendant of misconduct in connection with the filing of the Removal and the Motion to Dismiss. While Plaintiff failed to serve a copy of the Response on counsel for Defendant, a copy was received via

---

[1] Defendant filed a parallel motion to dismiss a separate suit filed by Plaintiff in this Court as Civil Action No. 05 CV 02299 which has not been opposed. In accordance with the Court's Order of January 27, 2006, that motion should now be granted.

the Court's ECF electronic notification.  The Points and Authorities in support of the Plaintiff's Response:

- Makes unsupported and scurrilous accusations of deceit, trickery, falsehoods and other assorted scandalous acts. [¶¶ 2, 10].

- Attacks the removal on the apparent grounds that the District of Columbia Superior Court had valid subject matter jurisdiction and is not based upon any defect in the removal petition. [¶¶ 3, 4, 5, 6, 7, 8 ,9]

- Repeats various allegations of the complaint including the wholly irrelevant allegation that the Maryland Unemployment Compensation authorities found that Plaintiff's discharge for excessive absence while employed in Maryland did not disqualify him from receiving unemployment benefits under the law of Maryland where he was discharged. [¶¶ 1, 11]

## Argument

It is fundamental that mere name calling and vituperation do not suffice to defeat a legally supported Motion to Dismiss or a motion for summary judgment.[2]  Adjectives are no substitute for facts and legal precedent.  See *e.g. Banks v. Chesapeake and Potomac Tel. Co.*, 802 F.2d 1416, 1430 (D.C. Cir. 1986); *Green v. Dalton*, 164 F.3d 671 (D.C. Cir. 1991) (statements are unsubstantiated allegation).

---

[2] The Court's January 27, 2006 Order advises Plaintiff that the Motion may be treated as a motion for summary judgment under Rule 56 of the FRCP, and that the requirements of rule 56(e) must be met in any opposition.

The Plaintiff's Response cites no law or facts which appropriately rebut or even address the grounds relied upon by Defendant in its Motion to Dismiss.

With respect to jurisdiction of the D.C. Human Rights Act, Plaintiff makes no claim that any discriminatory conduct ever took place in the District of Columbia or had any nexus with the District of Columbia.

With the obvious assistance of legal advice, Plaintiff (who purports to be pro se) has filed a cryptic declaration that addresses several points.  The first is that his unemployment compensation claim was filed, processed, and decided in Maryland and under Maryland law where he was employed and terminated for absenteeism.  The allegations of the Complaint, as now limited by the Response, name only the store manager of the Largo, Maryland Giant Food grocery store as the "perpetrator" of that alleged act of discrimination.  The second point in the Declaration is a somewhat vague and ambiguous statement that can only be read as an aversion that Plaintiff could have been assigned to or required to work in the District of Columbia.  He is careful to avoid any factually specific statement that he actually did work in any particular store location in D.C.  More importantly, he carefully omits any statement or facts that demonstrate any act of discrimination or adverse action prohibited by the D.C. Human Rights Act occurred in the District of Columbia or had any nexus to the District of Columbia.  The obvious and simple explanation for that omission is that any such statement would be false.[3]

---

[3] See unambiguous Second Declaration of Bart Plano filed herewith by Defendant in Support of Motion to Dismiss and this Reply to Plaintiff's "Response".

Plaintiff fails totally even to address the legal issues related to claims of public policy wrongful discharge, or to breach of contract or the preemptive effect and exclusive remedies of the applicable collective bargaining agreement.

Defendant has fully briefed to the Court the appropriate legal standards and authority upon which it relies in requesting dismissal.  We will not burden the Court with a repetition or reiteration of those arguments which stand virtually unrebutted and unopposed.

The bulk of Plaintiff's Response addresses his belief that the case was originally brought in the D.C. Superior Court and his preference that it should have remained there. Nowhere does Plaintiff make a claim that removal under 28 USC §1446 was defective, or that diversity does not exist; nor could he do so.  Moreover, the requirements for seeking remand under Section 1447(c) have not been met.

## **Conclusion**

For the reasons stated above, the Defendant's Motion to Dismiss, in its present form, or as treated as a motion for summary judgment, should be granted.

Respectfully submitted,

March 10, 2006

　　/s/Henry A. Platt
Edward R. Levin (D.C. Bar No. 7823)
Henry A. Platt (D.C. Bar No. 425994)
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Ave., N.W., Ste. 1000
Washington, DC 20037-1922
(202) 333-8800

Attorneys for Defendant
Giant of Maryland, LLC

4

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS** was served by first class U.S. Mail, postage prepaid, this 10th day of March 2006, on Plaintiff, *pro se*, addressed as follows:

>Kareem Ashe
>5906 Clay Street, N.E.
>Washington, D.C.  20019

>/s/Henry A. Platt

BQ5807