UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Kareem Ashe,**<br><br>    **Plaintiff,**<br><br>        v.<br><br>**Giant of Maryland, LLC,**<br><br>    **Defendant.** | **Civil Action No. 05-2473 (JDB)** |

**MEMORANDUM AND TRANSFER ORDER**

In this action removed from the Superior Court of the District of Columbia, plaintiff alleges that defendant, his former employer, discriminated and retaliated against him based on his race and gender in violation of the District of Columbia Human Rights Act of 1977 ("DCHRA"), D.C. Code §§ 2-1401.01 *et seq*. In its notice of removal, defendant asserts that this Court has original jurisdiction under 28 U.S.C. §§ 1331, 1332, 1337 and 29 U.S.C. § 185(a). Defendant now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). It asserts, among other reasons, that plaintiff states no claim under the DCHRA because "[a]t all time [sic] covered by the complaint, plaintiff was employed by Giant exclusively within the State of Maryland, not the District of Columbia." Def.'s Motion at 1. In view of defendant's removal of the case from plaintiff's chosen local forum, however, plaintiff, who is proceeding *pro se*, should be permitted to amend his complaint to bring it under the analogous federal statute proscribing employment discrimination, namely, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*.

Title VII's venue provision, however, requires such an action to be brought (1) in the judicial district in the state where the alleged wrongdoing was committed; (2) in the judicial

district where the relevant employment records are maintained and administered; (3) in the judicial district where the plaintiff would have worked but for the alleged discrimination; or, if the action cannot be brought in any of the preceding districts, (4) in the judicial district where defendant's principal office is located.  42 U.S.C. § 2000e-5(f)(3).  Plaintiff avers that during his employment, he "was required to work at various job site locations of Giant . . . [including], but not limited to Giant . . . stores in the District of Columbia."  Pl.'s Response, Declaration of Kareem Ashe ¶ 4.  Plaintiff does not state that he actually worked in the District of Columbia nor does he refute defendant's claim that the acts forming the basis of the complaint "occurred exclusively in Maryland."  Def.'s Motion at 2.  Venue thus could not be here under Title VII.  Rather than dismiss the case at this time, however, the Court finds that it is in the interest of justice to transfer it to the appropriate venue for litigating the predominate claim of employment discrimination.  Accordingly, it is hereby

**ORDERED** that defendant's motion to dismiss [Doc. # 8] is **DENIED** without prejudice; and it is

**FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1406(a), this case is **TRANSFERRED** to the United States District Court for the District of Maryland.

                                                       s/
                                              JOHN D. BATES
                                         United States District Judge

Dated: April 18, 2006

Paper Copy to:

Kareem Ashe
5906 Clay Street, NE
Washington, DC 20019